**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**KENNETH DE VOS,**

                                 **Plaintiff,**　　　　　　　**MEMORANDUM AND ORDER**

           **-against-**　　　　　　　　　　　　**07-CV-804 (JBW)**

**STEPHEN M. LEE, et al.,**

                                **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is, *inter alia*, plaintiff's motion for summary judgment against *pro se* defendants Stephen M. Lee ("Lee") and Adriana Santi ("Santi") (collectively, "*pro se* defendants"), which seeks to establish that *pro se* defendants are the alter ego of Sun Graphics Corp., and thus personally liable for a judgment plaintiff recovered against Sun Graphics in 2006. See generally 6/21/08 Memorandum in Support of Plaintiff's Motion for Summary Judgment. *Pro se* defendants have cross-moved for summary judgment against plaintiff on the same claim. See 6/20/08 Memorandum of Law in Support of Pro Se Defendants' Stephen M. Lee and Adriana Santi Motion for an Award of Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure Against Plaintiff.

      After an initial review of the submitted factual exhibits, it appears that there are corporate records and financial documents relating to the alter ego claim that *pro se* defendants have yet to produce, even though at least some of the documents allegedly might create material issues of fact on the alter ego issue. See 1/17/08 Deposition of Adriana Santi at 20-56 (attached as Ex. 9 to Affidavit of Lloyd DeVos in Support of Motion for Summary Judgment).

*Pro se* defendants have repeatedly informed plaintiff that these documents are in the possession of their accountant, Neal Dorf. See id. Contrary to *pro se* defendants' assumption, documents in the possession of a party's accountant are deemed within that party's control for purposes of Rule 34 discovery. See Fed. R. Civ. P. 34 (allowing inspection of documents in "the responding party's possession, custody, or control"); Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 154 (S.D.N.Y. 1997); Arkwright Mutual Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, No. 90 Civ. 7811, 1994 WL 510043, at *3 (S.D.N.Y. Sept. 16, 1994) ("[D]ocuments a client has given to his accountant are within his control because he has the right to demand their return."); Florentia Contracting Corp. v. The Resolution Trust Corp., 1993 WL 127187, at *3 (S.D.N.Y. Apr. 22, 1993) ("Control is defined as the legal right, authority, or ability to obtain upon demand documents in the possession of another."); see also Calzaturficio S.C.A.R.P.A. S.P.A v. Fabiano Shoe Co., 201 F.R.D. 33, 39 (D. Mass. 2001) (corporate defendant's tax-related documents in possession of its accountant found to be within defendant's control because it had "the legal right and practical ability to obtain the documents from the accountant"); MGP Ingredients, Inc. v. Mars, Inc., 2007 WL 3353401, at *3 (D. Kan. Nov. 10, 2007) ("A party is also deemed to have control over financial records of the party that are in the possession of the party's accountant.").

Accordingly, as to any responsive corporate and/or financial documents in the custody of the accountant not yet produced to the parties, *pro se* defendants are on notice that they are currently in violation of their Rule 34 discovery obligations. These documents first were

requested by plaintiff in May 2007, see Plaintiff's First Request for Production of Documents [from *Pro Se* Defendants] (attached as Ex. 1 to docket entry #48), and include but are not limited to the following: underlying financial documentation provided to the accountant for purposes of creating the general ledger including receipts, invoices, copies of promissory notes, and notes payable; cash disbursement journals from 2002 through 2005; documents reflecting Sun Graphics' payments made for the benefit of Lee and Santi;[1] and documents detailing the officer compensation of Lee and Santi.

*Pro se* defendants have had more than ample opportunity to retrieve responsive documents from Mr. Dorf, and the Court will tolerate no further delays in this regard. Therefore, *pro se* defendants are ordered to produce to the parties and to the Court all responsive records currently in the possession of their accountant not previously provided for by Wednesday, August 6, 2008.[2] To the extent any of the responsive documents are now in Lee and Santi's possession and no longer remain in the accountant's possession, Lee and Santi should produce them.

*Pro se* defendants are hereby warned that failure to do so could result in severe sanctions, such as drawing an adverse inference toward those particular facts and/or precluding

---

[1] This would include any documentation reflecting child support payments withheld from Lee's compensation. See 1/17/08 Deposition of Adriana Santi at 36 (attached as Ex. 9 to Affidavit of Lloyd DeVos in Support of Motion for Summary Judgment).

[2] The Court understands that Santi is currently out of town. This, however, should not affect *pro se* defendants' ability to request their accountant to provide the documents. To assist them, the Court has attached a copy of Plaintiff's First Request for Production of Documents by Defendant Adriana Santi and assume that a similar request was served on Lee.

*pro se* defendants from relying on the evidence in the event the claim proceeds to trial. See, e.g., Star-Kist Foods, Inc. v. Goldstein, 87 Civ. 2377 (KC), 1988 WL 132844 (S.D.N.Y. Dec. 9, 1988) (deeming alter ego of defendants to be admitted and precluded from contesting personal liability at trial due to failure to produce corporate documents, which in turn hindered plaintiff's ability to litigate the issue on summary judgment.).

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**July 29, 2008**

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**